**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Mazet, ) | No. CV-04-0493-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Halliburton Company Long-Term ) | |
| Disability Plan, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it Mazet's motion for remand to the plan administrator, or alternatively for *de novo* review (doc. 78), defendants' response (doc. 80),[1] and Mazet's reply (doc. 81). We also have before us defendants' corrected sur-reply (doc. 89), Mazet's sur-response (doc. 90) and errata to his sur-response (doc. 91), defendants' request for leave to file a supplemental brief (doc. 92) and Mazet's objection (doc. 93).

On February 5, 2008, we remanded this case to the plan administrator to recalculate Mazet's benefits during the "own occupation" period by including his deferred compensation in his Pre-disability Earnings (doc. 76). We also directed the administrator to determine Mazet's eligibility for continuing benefits during the "any occupation" period based on the

---

[1] Mazet incorrectly contends that Hartford's response was filed late. It was due and filed on July 14, 2008. See LRCiv 7.2(c); Fed. R. Civ. P. 6(a), (e).

1 revised calculation. Mazet argues in the present motion that "Hartford has failed again to
2 adjust ('index') [his] pre-disability earnings according to applicable 'Consumer Price Index'
3 ('CPI'), as required by the Plan." <u>Motion</u> at 2. Mazet's argument is premised on a
4 misinterpretation of the plain language of the Plan.

5       A Plan participant is eligible for benefits during the "any occupation" period if he
6 cannot perform any occupation for which he is qualified that has an earnings potential greater
7 than 60% of his Indexed Pre-disability Earnings. <u>Motion</u> at 3. "Indexed Pre-disability
8 Earnings" is defined as "Pre-disability Earnings adjusted annually by adding the lesser of (1)
9 10%; or (2) the percentage change in the Consumer Price Index." <u>Id.</u>

10       Mazet now claims that "both 'own occupation' and 'any occupation' benefits are
11 required to be adjusted according to the CPI." <u>Id.</u> This is incorrect. Mazet is not entitled to
12 "indexed benefits." The term "Indexed Pre-disability Earnings" is only applicable in
13 determining whether a claimant is disabled. It is not a factor in calculating the benefit
14 amount. According to the plain language of the Plan, benefit payments during both the "own
15 occupation" and "any occupation" periods are based on "Pre-disability Earnings," not
16 "Indexed Pre-disability Earnings." <u>Response</u> at 2.

17       Contrary to Mazet's argument, Hartford did index his Pre-disability Earnings for
18 purposes of determining his eligibility for continued benefits.[2] Hartford first determined that
19 Mazet's monthly Pre-disability Earnings, including deferred compensation, was $4,954.29.
20 <u>Motion</u>, ex. 1. Then, it "indexed" the revised Pre-disability Earnings of $4,954.29 by adding
21 2.6% for 2002 and 1.3% for 2003, the percentage change in the Consumer Price Index.
22 <u>Response</u> at 5. According to Hartford's calculations, Mazet's Indexed Pre-disability
23 Earnings equaled $5,149.18. <u>Id.</u>[3] Therefore, Mazet is not eligible for continuing disability

---

25     [2]Because Hartford exercised its discretion by indexing Pre-disability Earnings, we
26 reject Mazet's argument that a *de novo* standard of review applies. Instead we apply an abuse of discretion standard in reviewing Hartford's decision on remand.

27     [3]Mazat did not challenge this calculation in either his present motion or reply (docs.
28 78, 81). Instead, for the first time in his sur-response, he argues that Hartford's indexing

benefits during the "any occupation" period if his earnings potential for 2003 exceeded $3,089.51, or 60% of his Indexed Pre-disability Earnings.

Apparently recognizing his error, Mazet abandons his argument that Hartford failed to index Pre-disability Earnings and instead asserts, for the first time in a footnote in his reply, that Hartford incorrectly calculated his estimated 2003 earnings potential, attaching as an exhibit a website page from the U.S. Department of Labor, a document not included in the administrative record. Reply at 2 n.3. Because Mazet raised a new issue for the first time in his reply brief, we granted Hartford's motion for leave to file a sur-reply and allowed Mazet an opportunity to file a sur-response (doc. 88).

To reiterate, according to the terms of the Plan, Mazet is ineligible for continuing benefits during the "any occupation" period if his earnings potential is greater than 60% of his Indexed Pre-disability Earnings. We noted in our previous order that during the initial claims process, Hartford determined that Mazet was capable of performing five occupations, all of which had monthly earnings potential of $3,101.03 (doc. 76 at 5). Mazet did not challenge this calculation. In fact he argued to the court that the labor market information currently in the administrative record was not outdated and was a sufficient basis upon which to calculate continuing benefits eligibility. (doc. 66 at 10 n.1). Based in part on Mazet's assertion, we limited the scope of our remand order and stated that the earnings potential calculation of $3,101.03 "remains relevant to the continuing benefits eligibility determination [on remand]." Id.[4] We will not entertain Mazet's change of position at this point in these protracted proceedings. At all events, many of these same arguments related to earnings

---

calculation is faulty. We will not consider another belated argument. See Weber v. Dept. of Veterans Affairs, 521 F.3d 1060, 1063-64 (9th Cir. 2008).

[4]Rather than relying solely on its 2003 employability assessment on remand, Hartford performed an "updated assessment," this time concluding that Mazet's earnings potential was $3,218.80. As Mazet contends, Sur-Response at 3, this is beyond the scope of our remand order and, notwithstanding that it further buttresses the denial of continuing benefits, we do not consider it now.

1 potential were previously considered and rejected by our order dated August 19, 2005 (doc.
2 40).

3 Because Mazet's earnings potential ($3,101.03) is greater than 60% of his Indexed
4 Pre-disability Earnings (60% of $5,149.18 = $3,089.51), Hartford properly concluded that
5 Mazet is not entitled to benefits during the "any occupation" period.

6 **IT IS ORDERED DENYING** plaintiff's motion for remand, **GRANTING** the
7 motion to the extent that it seeks review of Hartford's decision on its merits, and
8 **AFFIRMING** Hartford's decision (doc. 78). **IT IS FURTHER ORDERED DENYING**
9 defendants' request for leave to file a supplemental brief (doc. 92). The clerk shall enter final
10 judgment.

11 DATED this 29th day of August, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge