**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Mazet, | No. CV-04-0493-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Halliburton Company Long-Term Disability Plan, et al., | |
| Defendants. | |

We now have before us defendants Halliburton Company Long-Term Disability Plan and Hartford Life and Accident Insurance Company's (the "Plan") motion for an award of attorney's fees and non-taxable expenses (doc. 97) and supporting memorandum (doc. 103), plaintiff's response (doc. 104), and the Plan's reply (doc. 107).

The Plan contends it is entitled to recover almost $70,000 in fees and costs pursuant to 29 U.S.C. § 1132(g). Under § 1132(g), we may award fees and costs of an ERISA action to either party. We consider five factors in evaluating a motion for attorney's fees: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a

significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). While the statute clearly makes fees available to "either party," the Ninth Circuit has recognized that the Hummell factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Tingey v. Pixley-Richards West, Inc., 958 F.2d 908, 909 (9th Cir. 1992) (recognizing "little benefit to be had by charging individual plan-beneficiary plaintiffs . . . with costs for policy reasons that speak more appropriately to institutional litigants in the ERISA arena"). Nevertheless, the Hummell factors are impartially analyzed without favoring one side or the other. See Estate of Shockley v. Alyeska Pipeline Serv. Co., 130 F.3d 403, 408 (9th Cir. 1997).

The first Hummell factor militates against an award of attorney's fees to the Plan. Plaintiff asserted facially meritorious claims and although he did not prevail on each claim, there is no evidence that the plaintiff brought or prosecuted this action in bad faith. The second factor (ability to pay) weighs in favor of an award of fees. Although the Plan initially conceded that plaintiff would have difficulty paying a fee award, it recently filed a notice with the court indicating that plaintiff has recently settled a lawsuit against his former employer, Halliburton, and was paid $650,000 (doc.109). The third Hummell factor (deterrence) strongly falls in favor of plaintiff. There is little doubt that an award of fees against a plaintiff who brought a valid claim would discourage others from filing meritorious actions. The fourth factor (benefit to all participants) militates in favor of plaintiff, because it was plaintiff, not the Plan, who sought to resolve a legal question. Finally, the fifth Hummell factor (relative merits) favors plaintiff. Although he did not prevail on every claim asserted, plaintiff successfully argued that the Plan incorrectly calculated his pre-disability earnings. This error affected the calculation of his eligibility for benefits during both the "own occupation" and "any occupation" periods, as well as the amount of benefits to which he was entitled. We concluded that the Plan's decision to exclude deferred compensation from the "basic earnings" calculation was not only an abuse of discretion, but was "utterly irrational" (doc. 76 at 6). Plaintiff has prevailed on significant issues and claims in this

1 ERISA action. The fact that he received only part of the relief sought does not outweigh his
2 success on other claims.
3       Therefore, four of the five <u>Hummell</u> factors weigh against awarding fees. Only
4 plaintiff's presumed ability to satisfy a fee award supports an award of fees to the Plan. We
5 consider this factor the least persuasive of the five <u>Hummell</u> factors. An ability to pay,
6 without more, is clearly insufficient to support an award of fees. Based on an overall
7 assessment of the <u>Hummell</u> factors, we conclude that the Plan is not entitled to an award of
8 fees.
9       **IT IS ORDERED DENYING** the Plan's motion for attorney's fees (doc. 97).
10       DATED this 8th day of April, 2009.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge