**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Mazet,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Halliburton Company Long-Term Disability Plan, et al.,<br><br>　　　　Defendants. | No. CV-04-0493-PHX-FJM<br><br>**ORDER** |

On September 16, 2010, we issued an order concluding that plaintiff is entitled to long-term disability ("LTD") benefits during the "any occupation" period and directing Hartford to perform "an immediate calculation and payment of benefits" (doc. 113). The order did not address the question of prejudgment interest. On October 29, 2010, plaintiff filed a motion to enforce the order and judgment (doc. 116). On November 9, 2010, Hartford issued a check to plaintiff in the amount of $224,443.42 for LTD benefits. Although it had not been ordered to do so, Hartford also issued a check to plaintiff in the amount of $13,120.72 for prejudgment interest at a rate of 1.67% per year pursuant to 28 U.S.C. § 1961. Plaintiff rejected the interest payment, contending that the appropriate rate of prejudgment interest is 10% under Arizona state law. See A.R.S. § 20-462. The parties agree that the only issue remaining relative to this motion is whether prejudgment interest should be

calculated by using the federal or the state rate.

We first reject plaintiff's contention that Hartford should be found in contempt for failing to timely comply with our September 16, 2010 order. Plaintiff has not met his burden of establishing that Hartford violated a "specific and definite court order." See Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). Hartford had 28 days after entry of our September 16 order to file a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). It chose not to file the motion and instead calculated and paid plaintiff's LTD benefits less than 4 weeks after that deadline expired. This constitutes reasonable compliance with our order.

We also reject plaintiff's claim that he is entitled to an enhanced rate of prejudgment interest under Arizona law rather than the rate set by federal law. Whether to grant or deny prejudgment interest on an award of ERISA benefits is within the discretion of the district court. See Blankenship v. Liberty Life Assur. Co., 486 F.3d 620, 627 (9th Cir. 2007). Generally, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." Id. at 628 (quoting Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1164 (9th Cir. 2001)).

Having considered the equities in this case, we conclude that prejudgment interest is appropriate to fully compensate plaintiff for the denial of LTD benefits. We cannot conclude, however, that the equities dictate that we deviate from the generally prescribed federal rate in favor of an enhanced rate under Arizona state law. There is no showing, for example, that Hartford acted in bad faith in denying plaintiff's LTD benefits. The ongoing and alternating history of this litigation demonstrates Hartford's reasonably debatable benefits eligibility decision. Moreover, Hartford's voluntary calculation of interest in other contexts does not control our balancing of the equities at this stage of the proceedings. Because there is no evidence that this case warrants a departure, we grant prejudgment

interest in accordance with 28 U.S.C. § 1961.[1] Pursuant to Blanton v. Anzalone, 760 F.2d 989, 992-93 (9th Cir. 1985), the applicable interest rate is the one in effect immediately prior to the date of the wrongful conduct, which in this case is Hartford's failure to pay LTD benefits. Therefore, pursuant to 28 U.S.C. § 1961, the amount of prejudgment interest will be determined by reference to the 52-week U.S. Treasury bill rate paid for the period immediately prior to each unpaid benefit.

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** the motion to enforce judgment (doc. 116). Plaintiff is awarded prejudgment interest at the rate prescribed by 28 U.S.C. § 1961. The parties shall work cooperatively in order to properly calculate the amount of prejudgment interest.

DATED this 18th day of January, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] Because we conclude that the equities in this case do not warrant an enhanced prejudgment interest award, we need not reach the question of whether A.R.S. § 20-462 is "saved" from ERISA preemption under 29 U.S.C. § 1144(a).

- 3 -