**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David L. Mazet,<br><br>    Plaintiff,<br><br>vs.<br><br>Halliburton Company Long-Term Disability Plan, et al.,<br><br>    Defendants. | No. CV-04-0493-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g) (doc. 115) and memorandum in support (doc. 121), defendants' response (doc. 124), and plaintiff's reply (doc. 126).

Plaintiff seeks an award of fees in the amount of $190,352.50 and non-taxable costs in the amount of $942.39, for fees spanning the 7-year life of this case. Defendants do not dispute that plaintiff is the prevailing party, but they argue that plaintiff is not entitled to fees under the factors set forth in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980), and because the requested fees are not reasonable.

We consider the five Hummell factors in evaluating a motion for attorney's fees under 29 U.S.C. § 1132(g): (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties'

positions. Id. at 453.

With respect to the first Hummell factor, we concluded in a previous order that "[t]here is no showing . . . that Hartford acted in bad faith in denying plaintiff's LTD benefits. The ongoing and alternating history of this litigation demonstrates Hartford's reasonably debatable benefits eligibility decision." Order (doc. 127) at 2. We reaffirm that conclusion here. This factor weighs against an award of fees.

The remaining factors weigh in favor of fees. It is not disputed that defendants have the ability to satisfy an award of fees. An award of fees against defendants would not deter others from filing meritorious claims, in fact it would likely encourage such claims. Although this litigation was filed for the benefit of plaintiff only, it nevertheless resolved significant legal questions that would benefit other Plan beneficiaries, in particular the appropriateness of including deferred compensation in the "basic earnings" calculation. Finally, the relative merits of the parties' positions fall strongly in favor of plaintiff, who prevailed on every claim for relief. We conclude that plaintiff has sufficiently satisfied the Hummell factors and therefore is entitled to an award of fees.

We thus turn to the reasonableness of the fees requested. Defendants argue that the fees are not reasonable in four respects: (1) plaintiff is not entitled to a "payment delay enhancement," (2) plaintiff improperly billed non-legal work at attorney hourly rates, (3) plaintiff billed for duplicate services, and (4) plaintiff failed to adequately describe the services rendered.

Plaintiff has requested that instead of applying counsel's historical hourly rates to his billing statements over the past 7 years, that all time entries be multiplied by his current hourly rate of $325 per hour. Defendants do not dispute that plaintiff's counsel's hourly rates, which increased from $275 an hour in 2004 to $325 hour currently, are within the relevant market rates. Defendants only complain that plaintiff is not entitled to a payment delay enhancement. "District courts have the discretion to compensate plaintiff's attorneys for a delay in payment by either applying the attorneys' current rates to all hours billed during the course of the litigation or using the attorneys' historical rates and adding a prime

rate enhancement." <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 947 (9th Cir. 2007). Because counsel has worked this case since 2003 without payment, a payment delay enhancement is appropriate. Therefore we will apply counsel's current hourly rate of $325 to all reasonable hours.

We agree with defendants that the billing statement show that plaintiff's counsel has improperly billed attorney rates for non-legal work. For example, counsel billed for "serv[ing] Hartford," "copy[ing], bind[ing], & submit[ting] excepts of record," "travel[ing] to UPS store," "format[ting] file documents," "e-fil[ing] brief," and "prepar[ing] list of Abbreviations." <u>Memorandum</u>, ex. 3. Much of this non-legal work is secretarial in nature and not eligible for any fee reimbursement. Defendants challenge a total of 43.3 hours billed. But some of the non-legal activities are bundled in entries with reimbursable legal activities, making it is impossible to determine the number of non-reimbursable hours with precision. Nevertheless, because it is clear that some non-legal activities were included in the billable hours, we reduce the number of compensable hours by 25 hours.

Defendants also complain that plaintiff failed to eliminate duplicate time entries. Defendants list 5 examples of what they consider to be duplicate entries. <u>Response</u>, ex. B. The first 4 items involved document review in May 2003. Identical entries were also made in March 2004. Plaintiff's counsel explains that he reviewed the same documents a year later in preparation for the filing of the lawsuit. Given the length of elapsed time, these hours are reasonable.

Defendants also list one entry for .5 hours, associated with a clerk's docketing entry. It appears that there should be no billable amount associated with this entry, therefore we reduce the number of reimbursable hours by .5.

Defendants next contend that plaintiff failed to provide sufficient detail regarding telephone calls, email communications, legal research, and preparation of pleadings. LRCiv 54.2(e)(2) requires that a memorandum in support of fees must "adequately describe the services rendered so that the reasonableness of the charge can be evaluated."

Defendants claim that it is unclear who counsel communicated with via phone calls and

1  email, but the majority of entries show that the communications were between plaintiff's and
2  defendants' counsel, thereby minimizing the need for additional detail.

3  Defendants also argue that plaintiff's counsel billed at least 22 hours for legal research,
4  listing only the case name or legal authority researched, but not specifying the legal issue, as
5  required by LRCiv 54.2(e)(2)(B). Although perhaps not in strict compliance with the Rules,
6  identifying the legal authority searched provides enough detail to describe the research "so
7  that the reasonableness of the charge can be evaluated." Id. at 54.2(e)(2). We conclude that
8  these hours are reasonable.

9  Defendants also challenge time entries for document preparation because the entries
10 do not identify "the activities associated with its preparation." LRCiv 54.2(e)(2)(C). Each
11 of the challenged entries states "Document Preparation" and the name of the document.
12 Defendants do not challenge the total number of hours devoted to the preparation of each
13 document, but instead argue that the itemized entry is insufficiently descriptive. Because we
14 conclude that the overall hours devoted to the preparation of each document are reasonable,
15 we decline to reduce the hours because of insufficient detail.

16 Finally, defendants argue that plaintiff failed to separately itemize his non-taxable
17 expenses. Plaintiff has since filed an itemization explaining that it was inadvertently omitted
18 from his motion. The claimed costs are reasonable and are therefore subject to
19 reimbursement.

20 Based on the foregoing, we reduce the number of compensable hours by 25.5 hours,
21 to 560.2 total hours, and apply a rate of $325 an hour, for an award of $182,065 in attorney's
22 fees. We also grant plaintiff's motion for an award of non-taxable costs in the amount of
23 $942.39.

24 **IT IS ORDERED GRANTING** plaintiff's motion for attorney's fees and non-taxable
25 costs for a total award of $183,007.39 (doc. 115).

26 DATED this 1st day of August, 2011.

27
28
           _Frederick J. Martone_
           Frederick J. Martone
           United States District Judge